PER CURIAM.
Sidney Mass, legal guardian of Michelle Mass, appeals from a final judgment entered in favor of the defendant below, Bank of America. We affirm.
Darrin Helms entered into an agreement with Bank of America [BOA] to lease a 1998 Ford Explorer for a term of 36 months. While driving that vehicle on June 15, 1999, he struck and injured Michelle Mass. At the time of the accident, the lease had been in effect for fifteen months.
Sidney Mass, as legal guardian of Michelle Mass, sued Helms and BOA alleging liability under the dangerous instrumentality doctrine. BOA defended on the ground that it was exempt from liability under *713 section 324.021(9)(b)(l), Florida Statutes (1999), as it had leased the vehicle for one year or longer and had complied with all statutory requirements.
Plaintiff moved for summary judgment on the basis that because the lease was terminable at any time upon 80 days’ notice with no substantial penalty for early termination, the lease was not a long-term lease protected by section 324.021. The trial court denied plaintiffs motion for summary judgment and granted BOA’s cross-motion. Plaintiff appeals.
Entry of summary judgment was proper, as the BOA lease was clearly for thirty-six months — a term of more than one year — and in fact had been in effect for fifteen months when the accident happened. Section 324.021(9)(b)(l) simply requires that there be “an agreement to lease a motor vehicle for 1 year or longer ...” There is no statutory requirement for a penalty for early termination of the lease, and we decline to amend the statute judicially.
AFFIRMED.